# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 05-1304
## consolidated with CW 05-293

HERBERT P. RICHARD
AND BRIDGET RICHARD

VERSUS

METRO BINGO OF LAFAYETTE, INC., ET AL.

************

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT,
PARISH OF LAFAYETTE, NO. 2004-0891,
HONORABLE DURWOOD W. CONQUE, DISTRICT JUDGE

************

## MICHAEL G. SULLIVAN
## JUDGE

************

Court composed of John D. Saunders, Michael G. Sullivan, and J. David Painter,
Judges.

Saunders, J., dissents and assigns written reasons.

WRIT DENIED; JUDGMENTS AFFIRMED.

Melvin A. Eiden
Rabalais, Hanna & Hebert
701 Robley Drive, Suite 210
Lafayette, Louisiana  70503
(337) 981-0309
Counsel for Defendants/Appellants:
        Metro Bingo of Lafayette, Inc.
        Western World Insurance Company

**Robert M. Kallam**
**Jennifer A. Wells**
**Jonathan L. Woods**
**Preis, Kraft & Roy**
**Post Office Drawer 94-C**
**Lafayette, Louisiana 70509**
**(337) 237-6062**
**Counsel for Defendants/Appellees:**
      **Lafayette Athletic Association of the Deaf, Inc.**
      **Alea London Limited**

**Allen R. Ingram**
**Attorney at Law**
**Post Office Box 53233**
**Lafayette, Louisiana 70505**
**(337) 233-7092**
**Counsel for Plaintiffs:**
      **Herbert P. Richard**
      **Bridget Richard**

SULLIVAN, Judge.

For the reasons discussed in the companion case in this consolidated matter, *Richard v. Metro Bingo of Lafayette, Inc.*, 05-293 (La.App. 3 Cir. __/__/06), __ So.2d __, the trial court's grant of the motion for summary judgment filed by LAAD and Alea and its denial of the motion for summary judgment filed by Metro Bingo and Western World are affirmed. All costs of this appeal are assessed to Metro Bingo and Western World.

**WRIT DENIED; JUDGMENTS AFFIRMED.**

NUMBER CW 05-0293 C/W
NUMBER CA 05-1304

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA


HERBERT P. RICHARD AND BRIDGET RICHARD

VERSUS

METRO BINGO OF LAFAYETTE, ET AL.


SAUNDERS, J., dissents and assigns written reasons.


**DISSENT**

I respectfully disagree with the majority. I believe that the language "with the respect to liability arising out of the . . . use . . ." is broader than the interpretation given by the majority and cannot be limited to a four hour period as those things which happen prior to or after the four hour period may give rise to liability. This is clear as, the exclusionary language stating that "any occurrence which takes place after you cease to be a tenant in that premises" does not relieve Metro Bingo of liability as the tenancy does not end until 5:30 and the party injured at 1:15 was not injured "after you cease to be a tenant in that premises[.]" Accordingly, the broad language of liability "arising out of . . ." would apply, not the specific exclusionary language, as the injured party went to play bingo and would not have been on the premises otherwise.

Furthermore, moving to the second issue as to whether a defense is owed I note the language that "whenever the pleadings against its insured disclose even a possibility of liability under the policy[.]" Based upon this language, I believe that coverage is owed as there is a very strong possibility of liability and, in fact, I contend

that liability is clear.